## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

TYLER B. LINGLE,

        Plaintiff,

        v.

JARED SHRIVER,

        Defendant.

Case No. 26-1158-HLT-BGS

## ORDER GRANTING MOTION TO PROCEED
## WITHOUT PREPAYMENT OF FEES

This matter comes before the Court on Plaintiff Tyler Lingle's motion to proceed without prepayment of fees, which is a motion requesting leave for Plaintiff to proceed *in forma pauperis* ("*IFP*"). (Doc. 3, sealed.) Plaintiff has contemporaneously filed the requisite financial affidavit in support of his *IFP* motion. (Doc. 3-1, sealed.) For the reasons set forth below, the motion is **GRANTED**.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." To succeed on an *IFP* motion, "the movant must show a financial inability to pay the required filing fees." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding *IFP* "in a civil case is a privilege, not a right – fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny *IFP* status under § 1915 lies within the district court's sound discretion. *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).

Based on the financial information provided by Plaintiff in his motion (Doc. 3, sealed) and affidavit of financial status (Doc. 3-1, sealed), the Court finds that his financial situation, when

taking into account any income as well as debts and financial obligations, establishes his inability to pay the required filing fee and his access to the Court would be significantly inhibited if this motion was not granted.  Thus, the Court **GRANTS** his motion to proceed without prepayment of fees (Doc. 3, sealed).

Pursuant to  28 U.S.C. § 1915(e)(2), the Court screened Plaintiff's Complaint.  Because Plaintiff is proceeding *pro se*, the Court liberally construes his filings.  *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

In the present case, Plaintiff brings claims against a sole Defendant, Jared Shriver, a Kansas Highway Patrol officer, in his individual capacity.  (*See generally* Doc. 1.)  Plaintiff's claims arise under 42 U.S.C. §1983 for alleged violations of the Fourth Amendment relating to an allegedly unconstitutional traffic stop and seizure, false arrest, malicious prosecution, unlawful restraint, and false statements relating to the stop.[1]  (*Id.*, at 12-18.)  He also brings various related state law claims and seeks declaratory judgment relating to the stop and seizure.  (*Id.*, at 18-23.)

Because the Complaint, liberally construed, could plausibly state at least one viable claim, service of process upon the named Defendant is hereby authorized.  This determination regarding initial screening does not constitute any finding on the merits of Plaintiff's claims, and Defendants retain all rights to challenge the sufficiency of the Complaint through appropriate motions practice. Service of the summons and Complaint shall be effectuated by the United States Marshal or a deputy United States Marshal who are hereby appointed for such purpose pursuant to Fed. R. Civ. P. 4(c)(3).

IT IS THEREFORE ORDERED that Plaintiff's Motion to Proceed without Prepayment of Fees (Doc. 3, sealed) is **GRANTED**.  Pursuant to 28 U.S.C. § 1915(a)(1), Plaintiff may commence

---

[1] At the outset the Complaint, plaintiff also asserts violations of the Fourteenth Amendment.  (*See* Doc. 1, at 3.)  That stated, the individual constitutional causes of action do not actually plead violations of the Fourteenth Amendment.  (*Id.*, at 12-18.)

2

this action without prepayment of fees.  The Clerk shall prepare and issue summons to the U.S.

Marshal or Deputy Marshal, who are appointed pursuant to Fed. R. Civ. P. 4(c)(3).

**IT IS SO ORDERED.**

Dated June 25, 2026, at Wichita, Kansas.

/s/BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge

3